**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 22, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

GRACIE LEA ALFORD,

     Defendant-Appellant.

No. 04-5178
(Northern District of Oklahoma)
(D.C. No. 98-CR-55-C)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is, therefore, ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On August 13, 1998, defendant-appellant Gracie Lea Alford pleaded guilty to one count of misapplication of bank funds by a bank employee, in violation of 18 U.S.C. § 656. The district court sentenced Alford to six months' imprisonment followed by five years' supervised release and ordered Alford to pay restitution in the amount of $19,587. After serving her prison sentence, Alford was placed on supervised release on August 6, 1999.[1]

On February 5, 2004, the United States Probation Office ("USPO") filed a petition to revoke Alford's supervised release, alleging that Alford had violated the conditions of her release by fraudulently opening a Discover credit card account in the name of her sister-in-law, in violation of 18 U.S.C. § 1029(a)(5). Subsequently, on August 17, 2004, the USPO filed an amended petition which reiterated the prior allegation, adding that it constituted fraudulent use of a social security account number, in violation of 42 U.S.C. § 408(a)(7)(B). The amended petition also alleged that Alford used her sister-in-law's identity to fraudulently open a wireless telephone account, in violation of 42 U.S.C. § 408(a)(7)(B), a Capitol One Visa credit card account, in violation of 18 U.S.C. § 1014, and a

---

[1]Under the conditions of her supervised release that are relevant to this appeal, Alford was not permitted to commit another federal, state, or local crime, and was required to (1) submit a truthful and complete written report to her probation officer within the first five days of each month, (2) notify her probation officer within seventy-two hours of being arrested, and (3) maintain a single checking account, disclosing all other bank accounts to her probation officer.

Capitol One K-Mart MasterCard, in violation of 18 U.S.C. § 1014 and 42 U.S.C. § 408(a)(7)(B). The petition further charged that Alford was arrested by the police in South Carolina on July 15, 2004, due to four outstanding warrants for fraudulent checks, and failed to notify her probation officer within seventy-two hours or report the arrest on her monthly report to the probation office. In addition, the amended petition alleged that Alford failed to disclose to the probation office the existence of an active checking account, in violation of 18 U.S.C. § 1001, and in contravention of the conditions of her release requiring truthful reports to the probation officer and disclosure of all additional bank accounts.

Appearing before the district court on August 18, 2004, Alford admitted to the violations related to the fraudulent credit cards and cell phone accounts. At sentencing, on October 12, 2004, the district court concluded Alford committed a Grade A violation and, when combined with her criminal history category III status, the recommended sentencing range under the Guidelines was eighteen to twenty-four months. The district court sentenced Alford to eighteen months' imprisonment to be followed by a term of forty-two months' supervised release. Alford now appeals, arguing that the prison sentence imposed by the district court was not reasoned or reasonable because the district court did not state a rationale for the sentence imposed and the initial revocation petition was based on

violations that had occurred over two years prior to the filing of the initial petition.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms** the sentence.

"[W]e will not reverse a revocation sentence imposed by the district court if it can be determined from the record to have been reasoned and reasonable." *United States v. Contreras-Martinez*, 409 F.3d 1236, 1240-41 (10th Cir. 2005) (quotation and alteration omitted).[2]  At sentencing, the district court stated that it considered the Chapter 7 policy statements and viewed them as advisory.  The court then articulated its reasons for selecting the low end of the range, telling Alford that the sentence was appropriate "[b]ecause of your recent activities and [that] I hope your life can be turned around and has been turned around."  The court further stated that this sentence "adequately addresses the seriousness of the violations [and] the defendant's repeated fraudulent conduct[]."  The statements of the district court indicate that it adequately explained its reasoning and considered the relevant factors of 18 U.S.C. § 3553(a) in sentencing Alford.  *See* 18 U.S.C. § 3583(e) (listing factors to consider in revocation cases); *see also* *United States v. Kelley*, 359 F.3d 1302, 1305 (10th Cir. 2004).  Moreover, there is

---

[2]This standard of review was not altered by the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005).  *United States v. Contreras-Martinez*, 409 F.3d 1236, 1241 n.2 (10th Cir. 2005)

nothing in the record to suggest that the eighteen-month sentence imposed is not reasonable. Accordingly, Alford's sentence is **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge